# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**BRIAN EASTERLING**                                                           **PLAINTIFF**

v.                                    No. 3:24-cv-52-DPM

**NESTLE USA, INC.; VITALITY
FOODSERVICE, INC.; NESTLE
PREPARED FOODS COMPANY; RYDER
SYSTEM, INC.; RYDER INTEGRATED
LOGISTICS, INC.; LINEAGE
LOGISTICS, LLC; and JOHN DOES 1-5**                       **DEFENDANTS**

## ORDER

The parties to this action have stipulated through their respective counsel to the entry of this Protective Order.

1.  During the course of litigation of this case, the parties have requested that they provide certain documents in discovery that contain confidential and personal information pertaining to the parties as well as individuals who are not parties to the case.

2.  The aforementioned files may contain certain information that is confidential and not available to the general public. Confidential information, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including, but not limited to, information such as social security numbers, driver's license numbers, employee identification numbers,

home addresses, telephone numbers, credit card and bank account numbers, medical records or medical information, proprietary information, private financial information, or other information not available to the general public, in which there are legitimate privacy interests. There could be other materials or information designated as well.

3.  Counsel for the parties have agreed, and the Court orders, that any and all confidential and personal information identified in paragraph 2, shall be used solely for the purpose of litigating this action and for no other purpose whatsoever, and shall not be disclosed, given, shown, made available, or communicated to third parties in any way except as stated below in paragraph 7.

4.  The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable reaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential," and any related motion, brief, or paper containing that material, under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

5. If material is designated as confidential, it should have a bates stamp indicating this using the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" in a location that does not obscure the writing on the document. Failure to designate any document or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" when initially served or produced shall not constitute a waiver of the right to subsequently make such a designation for that document or material.

6. Counsel must confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after an objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties shall file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The

parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

  7. Any confidential material and the information contained therein shall be disclosed only to the following individuals:

  a. The Court and its staff in this case;

  b. The named parties in this litigation, including officers and representatives of corporate parties and insurance representatives for the parties;

  c. Counsel of record for the parties in this case, including in-house counsel responsible for this litigation;

  d. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

  e. Outside consultants and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

  f. Any other person or entity as to whom counsel for the producer or provider of the confidential information agree in writing or on the record, or whom the Court directs shall have access to such information, and;

g.  During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a copy of such document prior to its production in this action.

8.  Nothing in this Order will be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.  Furthermore, by stipulating to the entry of this Order, no party waives any right or objection it would otherwise have in absence of the Order, which does not preclude any party from challenging those objections or following the procedure in paragraph 6.

9.  This Order will remain in effect for one year after litigation ends, including any appeal.  Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.  Counsel for the parties shall be permitted to retain Confidential Material in their files, subject to this Order.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

16 January 2025